929 F.2d 693
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Angle Ex-Therat MABERSON, Plaintiff-Appellant,
v.
WAKE MEDICAL CENTER, Connie Witham, Social Worker, Wake
Medical Center, Defendants-Appellees.
 No. 90-6674.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 10, 1990.
Decided March 28, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-90-569-CRT)
 Angle Ex-Therat Maberson, appellant pro se.
 E.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Angle Ex-Therat Maberson, a North Carolina inmate, appeals from the district court's dismissal of her 42 U.S.C. Sec. 1983 action seeking damages for the unauthorized transfer of her newborn daughter from Wake Medical Center to Wesley Long Hospital. Maberson sought damages for the "physical and mental anguish" that she suffered when her daughter was transferred without her consent.
 
 
 2
 The district court dismissed her complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). It stated that, because "Wake Medical Center is clearly a private party," it was not acting under color of state law. See 42 U.S.C. Sec. 1983. The court therefore concluded that the action lacked an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319 (1989).
 
 
 3
 Because of the ambiguous nature of the name "Wake Medical Center" and the absence of any support in the record for the court's conclusion that the Center is "clearly a private party," we vacate and remand for a specific finding as to the precise status-public (state, county or municipal) or private--of the defendant. In light of a Sec. 1983 plaintiff's continuing ability to bring suits for damages against municipalities, Maberson's suit may not be clearly frivolous if the Center is public. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978).
 
 
 4
 We note further that the district court did not address the claim against defendant Connie Witham, a social worker at the Center. Although Maberson did not list Witham on the blanks provided for "defendant(s)" on the form complaint, she is listed under "additional defendants" in the section for addresses of parties on the complaint.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.